UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARA L. SCALESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:05CV232 FRB |
| | ) |
| DEPARTMENT OF THE ARMY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Docket No. 3). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Sara L. Scalese brings this employment discrimination action, pro se, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., in which she alleges that the Department of the Army and its employees conspired to harass and discriminate against her in her employment with the Department. Plaintiff names as defendants the Department of Army, Human Resources Command-St. Louis (HRC-STL); and Loren Duffy, Agency Representative, Office of the Command Judge Advocate. Defendants have filed a Motion to Dismiss or in the Alternative for Summary Judgment in which they assert that this Court lacks subject matter jurisdiction over plaintiff's claims, that plaintiff has

failed to state a claim upon which relief may be granted, and/or that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.  Inasmuch as plaintiff is proceeding in this cause pro se, the undersigned previously determined out of an abundance of caution to treat the motion as one for summary judgment to provide the parties a reasonable opportunity to submit to the Court material outside the pleadings pertinent to resolution of the motion.  (See Order filed Apr. 21, 2005/Docket No. 10.)  Plaintiff has since responded to defendants' motion to which defendants have replied.  With leave of Court, plaintiff was permitted to file a surreply.

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The burden of proof is on the moving party to set forth the basis of its motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).  Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial.  Id.  The non-moving party may not rest

upon its pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. Celotex, 477 U.S. at 324.

Summary judgment is a harsh remedy and should not be granted unless the movant "has established [its] right to judgment with such clarity as to leave no room for controversy." New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). The Eighth Circuit has noted, however, that "summary judgment can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc., 838 F.2d 268, 273 (8th Cir. 1988).

**I. Allegations of Plaintiff's Complaint**

In her Complaint, plaintiff claims that she was subjected to unlawful harassment and discrimination in her employment with the Department of the Army, and that the Department's employees engaged in a conspiracy to further such harassment and discrimination. Plaintiff contends that the defendants' alleged conduct was discriminatory with respect to her "civil rights, as a human being." (Compl. at p.3.) Plaintiff does not allege any discrimination on account of her race, religion, sex, and/or national origin, nor does she identify any other protected basis upon which defendants allegedly harassed and discriminated against her. Instead, plaintiff states that such harassing conduct

appeared to be directed toward her because she was merely hated "as a person." (Compl., Attchmt. at p.1.) Indeed, plaintiff acknowledges in her Complaint that "[t]he problem has been, there are no provisions under EEOC Law to cover the type of discrimination I've been subjected to." (Compl., Attchmt. at p.1.)

## II. Evidence Before the Court on the Motion

Evidence before the Court on the motion shows that at all times relevant to the instant cause of action, plaintiff was employed by the Department of the Army in the U.S. Army Reserve Personnel Command as a Human Resources Assistant. Plaintiff was transferred to this position in December 2002 at the GS-4 salary level at which time she came under the supervision of Deborah Goston. During her tenure under Ms. Goston's supervision, plaintiff was subjected to verbal harassment by Ms. Goston and fellow co-workers. None of this harassment concerned plaintiff's race, gender, religion, national origin, age, or physical disabilities. Instead, plaintiff perceived Ms. Goston's harassment to be that "she just seemed to hate me as a person." (Compl., Attchmt. at p.1.) Plaintiff continually complained of such harassment to Ms. Goston's supervisor, Mildred Erondu, but to no avail. Plaintiff requested of Ms. Erondu that she be laterally transferred to another GS-4 position not within Ms. Goston's supervision, upon which plaintiff was advised to apply for any such position through normal channels. Plaintiff did not do so and

claims she would have had difficulty in any such attempt inasmuch as Ms. Goston discouraged plaintiff from accessing computer-based applications and related materials during working hours.

Plaintiff met with the Employee Assistance Office who informed plaintiff that it could not intervene upon her behalf with management. The Employee Assistance Office referred plaintiff to the EEO Office for further assistance. Beginning in June 2003, plaintiff met with the EEO Office on various occasions regarding Ms. Goston's and her co-workers' alleged harassment. On July 28, 2003, plaintiff filed a formal Complaint of Discrimination with the EEO in which she alleged that she was discriminated against in her employment on account of her race, physical handicap and in reprisal. During the EEO's investigation of plaintiff's Complaint, plaintiff reported that she did not believe the problems to stem from racial issues but that maybe the inactivity of those in command at the agency had something to do with race. Plaintiff also reported that she did not believe her physical conditions of arthritis, nearsightedness and irritable bowel syndrome qualified as disabilities giving rise to protected status, but that the EEO counselor advised her to include disability in her Complaint inasmuch as they were having difficulty defining the exact nature of the alleged discrimination. Plaintiff also reported that although Ms. Goston became aware of plaintiff's EEO activity, Ms. Goston never attempted to dissuade plaintiff from pursuing her

complaints.

The EEO conducted an investigation into plaintiff's allegations with such investigation including fact-finding conferences in January and March 2004 at which numerous witnesses testified, and the review of numerous documents and submissions by plaintiff's employer and plaintiff herself. On April 16, 2004, prior to the conclusion of plaintiff's EEO case, the Department of the Army offered to settle plaintiff's Complaint, which plaintiff declined. Immediately thereafter, plaintiff was reassigned on Detail to a new supervisor, Mr. Rowles, with whom plaintiff has had no complaints. Plaintiff thereafter applied for and was selected for a GS-5 salaried position at ARBA (Army Review Boards Agency), with such promotion becoming effective August 22, 2004. Plaintiff was no longer assigned to the Human Resources Command-St. Louis.

On December 21, 2004, Administrative Law Judge Andrea Niehoff informed the EEO Office that plaintiff had withdrawn her request for hearing on her EEO Complaint and that the matter was being transmitted back to the EEO Office for administrative closure.

Plaintiff filed the instant cause of action in this Court on February 4, 2005.

### III. Discussion

Plaintiff brings this cause of action under Title VII for alleged discriminatory harassment in her employment with the

Department of the Army.  Plaintiff alleges that such harassment violated her "civil rights as a human being."  For the following reasons, plaintiff's claim of employment discrimination must fail.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Title VII does not extend solely to discrimination which results in economic or tangible harm; rather, Title VII also protects employees from having to work in a "discriminatorily hostile or abusive environment."  Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  "When the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, . . . Title VII is violated."  Id. (internal quotation marks and citations omitted).  To be actionable, however, such discriminatory harassment must be related to plaintiff's membership in at least one of the protected groups identified in § 2000e-2(a)(1).  See Bradley v. Widnall, 232 F.3d 626, 631 (8th Cir. 2000).

In this cause, plaintiff admits in her Complaint that the alleged harassing and discriminatory conduct had nothing to do with

her race, color, religion, sex, or national origin, but rather occurred merely because of personality conflicts with her supervisor and co-workers.  Some courts have held that the failure of a Title VII plaintiff to allege discrimination on the basis of any such protected status deprives the federal court of subject matter jurisdiction over the cause.  See Smith v. United States Air Force, 566 F.2d 957 (5th Cir. 1978) (per curiam); Gyadu v. Workers' Compensation Comm'n, 930 F. Supp. 738, 746 (D. Conn. 1996).  The jurisdictional provision of Title VII, however, is silent as to whether an allegation of protected status is necessary to invoke the federal court's subject matter jurisdiction over an action otherwise brought under Title VII.  See 42 U.S.C. § 2000e-5(f)(3).  Instead, the statute merely confers jurisdiction over causes of action "brought under this subchapter."  Id.  In the absence of a legislative directive otherwise, the undersigned is hesitant to declare this Court not to have subject matter jurisdiction over this Title VII action merely because plaintiff may not have plead every element of a cognizable cause of action.  See Arbaugh v. Y & H Corp., ___ U.S. ___, No. 04-944, 2006 WL 397863 (U.S. Feb. 22, 2006) (discussing whether "employer" status under Title VII is a jurisdictional fact or relates to the merits of the claim given Congress' silence on the matter in Title VII's jurisdictional provision, § 2000e-5(f)(3)).

A review of the Complaint, however, nevertheless shows

plaintiff to be unable to state a claim upon which relief can be granted. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While an employment discrimination plaintiff need not plead a prima facie case of discrimination in her Complaint in order to survive dismissal under Fed. R. Civ. P. 12(b)(6), she must nevertheless plead, at the very least, a short and plain statement of the claim showing that she is entitled to relief under Title VII. See Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). "'A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Enowmbitang v. Seagate Tech., Inc., 148 F.3d 970, 973 (8th Cir. 1998). Because the plaintiff here fails to allege in her Complaint that any alleged harassment and/or discriminatory animus was on account of her race, color, religion, sex, or national origin, and indeed admits in her Complaint that such conduct occurred only on account of personality conflicts, plaintiff has failed to state a claim upon which relief can be granted under Title VII. Title VII prohibits discrimination against any individual because of such individual's race, color, religion, sex, or national origin. Plaintiff concedes in her

Complaint that no such factor exists in this cause. As such, taking all the allegations of plaintiff's Complaint to be true, plaintiff cannot recover under Title VII under any set of facts consistent with her allegations.

Further, upon review of the undisputed evidence before the Court, plaintiff continues to fail on the substance of her claim inasmuch as she cannot establish a prima facie case of discrimination under Title VII. To establish a prima facie case of discriminatory harassment, plaintiff must show: (1) she is a member of a protected group; (2) unwelcome harassment occurred; (3) a causal nexus existed between the harassment and her protected-group status; and (4) the harassment affected a term, condition, or privilege of employment. Bradley, 232 F.3d at 631. The record before the Court shows plaintiff to have been the subject of unwelcome harassment in her employment at the Department of the Army. There is no evidence, however, that such harassment was due to plaintiff's membership in any protected group and indeed, as plaintiff concedes, the record shows the difficulties experienced by plaintiff to be the result of nothing more than personality conflicts rather than discriminatory animus. Because the evidence undisputedly shows there to be no nexus between the alleged harassment and plaintiff's membership in any protected group, defendants are entitled to summary judgment on plaintiff's claim of discriminatory harassment. Id. at 632.

Inasmuch as plaintiff has failed to establish purposeful discrimination, her claim of conspiracy to engage in discriminatory conduct must likewise fail. Jensen v. Henderson, 315 F.3d 854, 862-63 (8th Cir. 2002).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Docket No. 3), treated by the Court as a motion for summary judgment, is granted.

Judgment shall be entered accordingly.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _24th_ day of February, 2006.